UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK TATE,<br><br>    Plaintiff,<br><br> v.<br><br>DOCTOR DIANA NAKASHYAN,<br><br>    Defendant. | Case No. 1:19-cv-01211-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S MOTION FOR REMAND BE GRANTED, THAT THIS CASE BE REMANDED TO STATE COURT, AND THAT PLAINTIFF'S MOTION FOR CLARIFICATION BE DENIED AS MOOT<br><br>(ECF NOS. 1, 4, & 10)<br><br>OBJECTIONS, IF ANY, DUE WITHIN 30 DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

  Plaintiff Derek Tate proceeds *pro se* in this action against Defendant Diana Nakashyan for claims under California law. Defendant removed the case to this Court on September 3, 2019, claiming that Plaintiff's Complaint "potentially" states claims under the First and Eighth Amendment. (ECF No. 1.) Defendant filed a request that the Court screen Plaintiff's Complaint, which the Court granted. (ECF No. 3.)

  On September 20, 2019, Plaintiff filed "objections" to Defendant's notice of removal,

1

which the Court has construed as a motion to remand ("motion to remand"). (ECF No. 4.) Defendant filed a response to Plaintiff's motion to remand on October 7, 2019. (ECF No. 8.)

On November 2, 2019, Plaintiff filed a motion seeking clarification of the Court's order granting Defendant's request to screen the Complaint. (ECF No. 10.)

For the following reasons, the Court recommends that Plaintiff's motion to remand be granted and that Plaintiff's motion for clarification be denied as moot.

However, if Plaintiff files objections to these findings and recommendations stating that he *does* intend to include federal claims, the Court will screen his Complaint and treat his objections to removal as withdrawn.

## I. BACKGROUND AND SUMMARY OF ALLEGATIONS IN PLAINTIFF'S COMPLAINT

Plaintiff originally filed this suit in the Superior Court of the State of California, County of Kern. (ECF No. 1.) Defendant filed a notice of removal on September 3, 2019, stating that Plaintiff's Complaint "potentially involves claims under the First Amendment and Eighth Amendment to the U.S. Constitution, and therefore this Court has original, federal-question jurisdiction." (ECF No. 1, p. 2.)

Generally, Plaintiff claims that, "Defendant…violated Plaintiff [sic] California State Constitutional right to adequate mental health treatment by subjecting Plaintiff…to intentional infliction of emotional distress, causing severe mental anguish," and that "Defendant…acting under the color of state law, an employee, employed by the California Correctional Healthcare Services Department located at Kern Valley State Prison…violated prison policy Title 15 article 9 mental health services section 3360(a), availability of mental health services."

More specifically, Plaintiff claims that Defendant, a mental health doctor at Plaintiff's prison, was texting and e-mailing another inmate. Plaintiff revealed to Defendant that he knew about these communications and, based upon that disclosure, Defendant "retaliated" against Plaintiff by withholding treatment and generally engaging in a campaign of rude and abusive behavior towards Plaintiff.

Plaintiff claims that the California Department of Corrections and Rehabilitation

2

("CDCR") regulations prohibit the use of mental health programs in an abusive manner, which Defendant violated through her behavior. Plaintiff claims that Defendant's behavior resulted in the deprivation of adequate mental health care to Plaintiff and caused him great emotional distress, including a stint in the mental health crisis bed facility in Sacramento for a ten-day suicidal observation prevention treatment stay. Plaintiff maintains that Defendant's actions violated the "duty of care" by depriving adequate treatment and amount to the intentional infliction of emotional distress.

Plaintiff also claims that Defendant told the inmate she had been communicating with that Plaintiff knew about the communications. That inmate then confronted Plaintiff in a violent and threatening manner, indicating to Plaintiff that Defendant had or attempted to have the Plaintiff assaulted.

Plaintiff maintains that Defendant's actions amount to cruel and unusual punishment under the California Constitution and that Defendant's actions violated his rights to confidentiality—again in contravention of CDCR regulations and the California Constitution. According to Plaintiff, "there exists no justifiable penological justification for the Defendant to violate the Plaintiff's expectation of safety while receiving mental health treatment."

Finally, Plaintiff also claims that Defendant was "deliberately indifferent" to Plaintiff's serious mental illness.

On September 20, 2019, after Defendant had removed Plaintiff's Complaint, Plaintiff filed "Objections to Defendant's Notice of Removal of Action Under 28 U.S.C. 1441(a)." (ECF No. 4.) In his objections, Plaintiff argues that his "intentional tort claim addresses only California state tort law violations." (*Id.* at p. 4.)

On September 25, 2019, the Court noted that it would construe Plaintiff's objections to removal as a motion for remand and ordered Defendant to file a response to same. (ECF No. 5.) Defendant file a response to Plaintiff's motion to remand on October 7, 2019. (ECF No. 8.)

**II. LEGAL STANDARDS**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant…to the district court of the

United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In other words, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "If at any time it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). There is a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). Moreover, "[t]he party asserting jurisdiction has the burden of proving all jurisdictional facts." *Indus Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

The supposed basis for federal jurisdiction in this case is federal question jurisdiction. Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A case "'arises under' federal law…if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Proctor v. Vishay Intertech. Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006). Furthermore, as "master[s] of the complaint," plaintiffs "may defeat removal by choosing not to plead independent federal claims." *ARCO Envtl. Remediation, LLC v. Dep't of Health and Human Servs.*, 213 F.3d 1108, 1114 (9th Cir. 2000) (quoting *Caterpillar*, 482 U.S. at 392).

Finally, the Court holds *pro se* plaintiffs to less stringent pleading standards and liberally construes the complaint in the light most favorable to a *pro se* plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.").

**III.     ANALYSIS**

**A. Motion to Remand (ECF No. 4.)**

The Court recommends that Plaintiff's motion for remand be granted because Plaintiff has indicated that he is not pursuing any federal causes of action.

Initially, Plaintiff's Complaint is ambiguous. It purports to rely only upon the California Constitution and prison regulations—there is no mention of any federal law or the United States Constitution. On the other hand, though, Plaintiff's Complaint does mention standards typically present in federal § 1983 causes of action, such as deliberate indifference, retaliation, and cruel and unusual punishment.

Because Plaintiff's complaint is ambiguous as to the existence of a federal cause of action, remand is potentially appropriate. *See Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper and that the court resolves all ambiguity in favor of remand to state court.").

Further, Plaintiff has filed objections indicating that he did not intend to assert any claims based upon federal law. The Court will construe these objections as evidence of Plaintiff's intent to "eschew claims based on federal law" and as a waiver of federal claims to the extent any are asserted in the Complaint, which he may do as the master of his complaint. *See Caterpillar*, 482 U.S. at 399. (Plaintiff is "master of the complaint," and may "choose to have the cause heard in state court…by eschewing claims based on federal law."); *see also Leon v. Securaplane Technologies, Inc.*, 2009 WL 3157176 at *3 (D. Ariz. 2009) (granting motion to remand where language of complaint was unclear but the plaintiff demonstrated to the defendants and to the court through a motion to remand that he intended "to eschew claims based on federal law"); *McKee v. Warner*, 2013 WL 2124143 at *2 (E.D. Wash. Apr. 19, 2013) (granting motion to remand where the *pro se* plaintiff indicated a desire to pursue only state law claims, although his complaint was ambiguous as to whether he also pursued federal law claims); *Bearse v. Port of Seattle*, 2009 WL 3066675 at *2 (W.D. Wash. Sept. 22, 2009) ("Plaintiffs have now represented to the Court that despite their inartful pleading, they did not intend to assert a claim under the United States Constitution. Based on that representation, to which plaintiffs are bound, and the language of the Complaint, the Court finds that the complaint does not assert a claim under the U.S. Constitution."); *Perry v. South Carolina Department of Corrections*, 2016 WL 4118923 at *2 (D.S.C. May 13, 2016) ("Plaintiff has made clear that his intention is to pursue only state law

claims. Therefore, the court interprets his filings as dismissing any federal claims that could be read as contained in his complaint.") (citations omitted).

However, if Plaintiff is attempting to state causes of action for deliberate indifference, cruel and unusual punishment, and/or retaliation under the California State Constitution, he should know that generally, the California Constitution does not allow for a private right of action for money damages for such causes of action. *See, e.g, Degrassi v. Cook,* 58 P.3d 360, 367 (Cal. 2002) (city council member's allegations that "threats, intimidation, and retaliation" by defendants interfered with her free speech rights did not state a cause of action because "article 1, section 2(a) [of the California Constitution] does not afford a right to seek money damages om the circumstances presented") *Giraldo v. Department of Corrections & Rehabilitation*, 85 Cal. Rpt.3d 371, 388-91 (Cal. App. 2008) (finding no private right of action for damages arising out of an alleged violation of the cruel and unusual punishment clause of the California Constitution).

**Thus, although the Court will recommend that Plaintiff's case be remanded due the ambiguous nature of the complaint and his self-professed desire to abandon any federal law claims, if Plaintiff files objections to these findings and recommendations stating that he actually does intend to assert federal claims, the Court will screen his Complaint and treat his objections to removal as withdrawn.**

**B. Plaintiff's Motion for Clarification (ECF No. 10.)**

On November 21, 2019, Plaintiff filed a motion seeking clarification. Plaintiff contends that the Court's order granting Defendant's request to screen the Complaint conflicts with the Court's order requiring Defendant to respond to Plaintiff's motion to remand.

The Court sees no conflict between the orders. Though the Court granted Defendant's request for a screening, this was contingent upon the Court having jurisdiction over the case in the first instance. Regardless, because the Court recommends remanding Plaintiff's Complaint, it also recommends denying Plaintiff's motion for clarification as moot.

If Plaintiff files objections to these findings and recommendations stating that he does intend to assert federal claims, the Court will screen his complaint including by assessing any potential federal claims.

6

## IV. CONCLUSION

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Plaintiff's objections to Defendant's notice of removal, construed as a motion to remand (ECF No. 4.), be granted and this case be remanded to Kern County Superior Court;
2. Plaintiff's Motion for Clarification (ECF No. 10.) be denied as moot; and
3. The Clerk of Court be instructed to close this case.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Pursuant to Local Rule 304, objections to these findings and recommendations should be filed within thirty days of the date of service of these findings and recommendations. Responses to any objections should be filed within fourteen days after service of the objections.

**As indicated, if Plaintiff files objections indicating a desire to proceed with a federal cause of action, the Court will withdraw these findings and recommendations, screen Plaintiff's Complaint, and treat his objections to the removal notice as withdrawn.**

Any such objections to the findings and recommendations should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 16, 2019**       /s/ Erica P. Grosjean
                                   UNITED STATES MAGISTRATE JUDGE

7